UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE N. MATHIS,

        Petitioner,

vs.                                    Case No. 3:10-cv-663-J-12JBT

LANE, etc.; et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) on July 25, 2010, pursuant to the mailbox rule.  The Petition challenges a Baker County Conviction for possession of a controlled substance, felony driving while license suspended or revoked, and possession of drug paraphernalia.  Petition at 1.  The length of sentence is seven years.  Id.

The Court, in its Order of September 7, 2010, took judicial notice of Case No. 3:10-cv-757-J-12JRK.  In that case, Petitioner Mathis filed a petition stating that he had decided to walk away from the Sante Fe Work Release Center on August 19, 2010.  The Department of Corrections website confirmed that Petitioner escaped

from custody on August 19, 2010, at 4:05 p.m., and he is still at large.[1]

Petitioner and Respondents were given an opportunity to address the Court's concerns that Petitioner is no longer in custody for federal habeas purposes, there is no longer a case or controversy under Article III, § 2, of the United States Constitution, and the action appears to be moot. On September 13, 2010, Respondents filed a Response to Order of September 7, 2010 (Doc. #8) (hereinafter Response). Petitioner filed an Affidavit of Response (Doc. #9) (hereinafter Affidavit) on September 14, 2010.[2]

The Court gave Petitioner an opportunity to reply to Respondents' Response to Order of September 7, 2010 (Doc. #8). Petitioner filed his Affidavit of Reply (Doc. #11) (hereinafter Affidavit of Reply) on September 28, 2010.

Respondents assert that as an absconder, Petitioner cannot simultaneously seek relief while unlawfully freeing himself, citing Lynn v. United States, 365 F.3d 1225 (11th Cir.) (per curiam), cert. denied, 543 U.S. 891 (2004), and other cases addressing the fugitive disentitlement doctrine. In Lynne, the Court noted that "[t]he fugitive disentitlement doctrine permits courts to dismiss

---

[1] See http://www.dc.state.fl.us/EscapedInmates/detail.

[2] In the Affidavit, Petitioner refers to Rule 60(b), however, Rule 60(b) of the Federal Rules of Civil Procedure concerns relief from a final judgment or order. Here, judgment has not yet been entered and a final order has not been entered by the Court upon which Petitioner would be able to seek relief.

a fugitive's appeal in cases in which an individual escapes while at the same time attempting to invoke the jurisdiction of that particular court." Id. at 1239. The doctrine is a viable tool utilized by the courts "to protect the integrity of the judicial process." Id. at 1240-41 (citation omitted). At the heart of this doctrine is the notion that "the fugitive has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim." Id. at 1241 (internal quotations omitted) (citation omitted).

The United States District Court for the Southern District of Florida addressed this same issue with respect to a petition for habeas corpus pursuant to 28 U.S.C. § 2255. In United States v. Collins, 651 F.Supp. 1177, 1178 (S.D. Fla. 1987), the petitioner failed to return from a work camp detail and was placed on escape status. The petitioner remained a fugitive, and the court dismissed the habeas petition without prejudice, with the caveat that the court might decline to rehear the arguments presented in the petition depending upon the circumstances of the petitioner's capture or surrender. Id. at 1180.

In reaching its decision, the court began by recognizing "the long-established principle that fugitives from justice are not permitted to attack their convictions." Id. at 1178 (citing Molinaro v. New Jersey, 396 U.S. 365 (1970)). The court looked to Eleventh Circuit law, and found "that a criminal defendant abandons

3

his appeal by escaping from custody while the appeal is pending."
United States v. Collins, 651 F.Supp. at 1179 (citations omitted).
Ultimately, the court concluded: "[b]ecause a federal habeas
petition, although civil in nature, is so intimately connected with
the underlying criminal conviction and so similar to a direct
appeal in a criminal case, the court will apply the rule governing
criminal appeals." Id. at 1179.

The Fifth Circuit, in Bagwell v. Dretke, 376 F.3d 408, 412
(5th Cir. 2004), concluded that the fugitive disentitlement
doctrine may be applied to dismiss a habeas petition raised
pursuant to 28 U.S.C. § 2254 as well. Discussing how several
courts have invoked the doctrine to dismiss habeas petitions, it
was recognized that the reasons for dismissal, whether on an appeal
or a habeas petition, were consistent: "[s]ince the defendant was
not in custody and any grant or denial of habeas relief would
effectively be moot, the court dismissed the habeas petition." Id.
(citing Lopez v. Malley, 552 F.2d 682 (10th Cir. 1977)).

Of course, the doctrine is an equitable doctrine that is
exercised in the court's discretion. Id. at 413. This Court must
look to whether the doctrine's underlying justifications are
present: (1) whether the Court's judgment would be rendered
unenforceable; (2) whether the operation of the petition is
interrupted by the escape during the pendency of the proceedings;
(3) whether the escape is an affront to the dignity of the court;

4

and (4) deterrence. In addition, this Court must also ask whether there is some nexus between the prisoner's fugitive status and the habeas petition.

There is certainly a nexus between Petitioner's fugitive status and the habeas petition attacking his underlying conviction and sentence of a term of confinement, from which Petitioner has now escaped custody. As noted above, any judgment in this habeas case would effectively be moot because Petitioner is not in custody. Most assuredly, the escape is an affront to the dignity and authority of the Court.[3] This Court should discourage flights from justice, avoiding prejudice to the state caused by the Petitioner's fugitive status. See Pesin v. Rodriquez, 244 F.3d 1250, 1253 (11th Cir. 2001) (per curiam) (employing the fugitive disentitlement doctrine in an appeal). Although Petitioner has continued to file pleadings in this Court, he has certainly done so surreptitiously, avoiding capture by the authorities.

Other district courts have dismissed petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 when petitioners have escaped from prisons or community residential programs, finding "[d]ismissal is appropriate . . . due to the unenforceability of any judgment authorizing habeas relief, the indignity visited upon the court and the rule of law, and deterrence." Mosly v. Kapture,

---

[3] The operation of the Petition most certainly would be delayed or interrupted because the Petitioner is no longer in custody and he is frequently changing his address.

5

No. 99-CV-76276-DT, 2007 WL 1675337, at *1 (E.D. Mich. June 7, 2007) (not reported in F.Supp.2d); Carus-Wilson v. Howard, No. 06-CV-10582, 2007 WL 2300739, at *1 (E.D. Mich. Aug. 7, 2007) (not reported in F.Supp.2d). See Jones v. Ohio Adult Parole Authority, No. 2:06-cv-954, 2007 WL 2407061, at *1 (S.D. Ohio Aug. 22, 2007) (not reported in F.Supp.2d) (applying the fugitive disentitlement doctrine to an individual facing confinement, but absconding after filing a habeas petition pursuant to 28 U.S.C. § 2254 challenging a parole violator warrant).

In the instant case, although the "escape does not strip the case of its character as an adjudicable case or controversy," Lynn v. United States, 365 F.3d at 1239-40 (quoting Molinaro v. New Jersey, 396 U.S. at 366)), "it disentitles the defendant to call upon the resources of the Court for determination of his claims." Id. at 1240. The sanction of dismissal of this case without prejudice is appropriate under these circumstances. Petitioner's escape is, as described in Allen v. Georgia, 166 U.S. 138, 141 (1897):

> practically a declaration of the terms upon which he is willing to surrender,[4] and a contempt of its authority, to which no court is bound to submit. It is much more becoming to its dignity that the court should prescribe the conditions upon which an escape convict should be permitted to appear and prosecute

[4] In his Affidavit and Affidavit of Reply, Petitioner has done just that, setting forth a declaration of the terms upon which he is willing to surrender.

6

> his writ, than that the latter should dictate
> the terms upon which he will consent to
> surrender to its custody.

The doctrine's underlying justifications have been met under the unique facts presented by Petitioner absconding and remaining at large, while attempting to clandestinely prosecute this habeas case. While Petitioner remains a fugitive from justice, he may not call upon this Court's resources to adjudicate this habeas Petition. Petitioner's actions significantly curtail the efficient, dignified operation of the Court. Since Petitioner engineered his own release, he must now face the consequences of his actions.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The case is **DISMISSED without prejudice.**[5]

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.    The Clerk of the Court shall close this case.

---

[5] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

4.   The Clerk of the Court shall immediately provide the United States Marshal's Office with a copy of this Order so that the United States Marshal may take whatever action he deems appropriate under these circumstances. Petitioner is currently using the following address: 1701 Lakeshore Blvd., #401, Jacksonville, Florida 32210.

DONE AND ORDERED at Jacksonville, Florida, this 29TH day of September, 2010.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 9/28
c:
Willie N. Mathis
Sr. Ass't A.G. (McCoy)